IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

CLIFTON ORLANDO SOLOMON                                               PLAINTIFF

v.                              Civil No. 4:17-cv-04056

SOUTHERN HEALTH PARTNERS;
STEVEN KING, Nurse, Miller County
Detention Center; NURSE CHELSEY,
Miller County Detention Center                                        DEFENDANTS

## ORDER

Before the Court is Plaintiff Clifton Orlando Solomon's failure to obey two orders of the Court. On July 12, 2017, Plaintiff filed this 42 U.S.C. § 1983 action *pro se.* (ECF No. 1). Plaintiff's *in forma pauperis* ("IFP") application was granted that same day. (ECF No. 3).

On July 31, 2017, Plaintiff filed a change of address indicating that he had been released from custody. (ECF No. 8). On September 18, 2017, the Court entered an order directing Plaintiff to submit the remainder of his $400.00 filing fee, or complete and sign an IFP application by October 10, 2017, in order to confirm his free world financial status.[1] (ECF No. 12). Plaintiff was advised in the order that failure to respond within the required period of time would result in the dismissal of his case. Plaintiff did not respond to the Court's order.

On November 29, 2017, the Court entered an order revoking Plaintiff's IFP status. This order directed him to pay the filing fee by December 14, 2017, and informed Plaintiff that failure

---

[1] When a plaintiff is released from confinement, the Court's policy is to require re-submission of affidavits to determine whether he should be required to pay all, or a portion of, the fees and costs of the lawsuit.

to pay the fee by the deadline would result in the dismissal of this case. (ECF No. 14). To date, Plaintiff has not responded to the order or paid the filing fee.[2]

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Local Rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings. . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

In the present case, Plaintiff has failed to comply with two orders of the Court. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that

---

[2] On December 12, 2017, Plaintiff notified the Court that he is currently incarcerated in the Miller County Detention Center. (ECF No. 15).

this case should be dismissed. Accordingly, Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE.**

**IT IS SO ORDERED**, this 18th day of January, 2018.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge